

Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ 08648-2311
Tel 609.896.3600  Fax 609.896.1469
www.foxrothschild.com

Douglas Zeltt, Esq.
Office Managing Partner

Christopher R. Kinkade
Direct Dial:  (609) 844-3023
Email Address:  ckinkade@foxrothschild.com

August 23, 2013

**V**IA **ECF**
Honorable Karen M. Williams
United States District Court, District of New Jersey
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza, Room 2040
Camden, New Jersey 08101-0888

    Re:    *Everett Laboratories, Inc. v. Acella Pharmaceuticals, LLC*
               Case Nos. 1:13-cv-03470, 3487, 3529, and 4294 (JEI) (KMW)

Dear Judge Williams:

      Pursuant to L. Civ. R. 16.1(f), we write on behalf of defendant Acella Pharmaceuticals, LLC ("Acella") to respectfully request the Court's assistance in resolving a case management dispute between Acella and plaintiff Everett Laboratories, Inc. ("Everett") in the above-captioned matters.  Acella respectfully requests a teleconference concerning an expedited schedule in these matters, which is supported by the reasons set forth herein.

      Everett has filed four lawsuits against Acella alleging patent infringement.  Each suit concerns different patents and different products, and Everett has moved for a preliminary injunction in each case.  A preliminary injunction hearing was held before Judge Irenas on August 19-21, 2013, in three cases (13-cv-3470, 13-cv-3487, and 13-cv-3529), and the issues in the fourth case (13-cv-4294) will be fully briefed once Everett files its reply on August 27, 2013.  An evidentiary hearing has not been set yet in the fourth case, but Acella is requesting a date today from Judge Irenas.

      Regardless of the outcome of the preliminary injunction motions, Acella requests an expedited schedule in all four actions.  Specifically, in order to reach an efficient and prompt resolution, Acella respectfully requests entry of the following schedule:

A Pennsylvania Limited Liability Partnership

California   Colorado   Connecticut   Delaware   District of Columbia
   Florida   Nevada   New Jersey   New York   Pennsylvania



Honorable Karen M. Williams
August 23, 2013
Page 2

| Date | Action |
|---|---|
| Immediately | Discovery commences |
| Sept. 2 | Everett Production of Documents under L.R. 3.2 |
| Sept. 9 | Non-Infringement Contentions by Acella under L.R. 3.2A |
| Sept. 23 | Invalidity Contentions by Acella under L.R. 3.3 and 3.4 |
| Oct. 7 | Invalidity Responses by Everett under L.R. 3.4A |
| Oct. 14 | Exchange terms and evidence for claim construction under L.R. 4.2(a)-(b) |
| Oct. 21 | Exchange rebuttal claim construction evidence under L.R. 4.2(c) |
| Oct. 25 | Joint Claim Construction Statement under L.R. 43 |
| Nov. 11 | Claim Construction Briefs under L.R. 4.5 |
| Nov. 18 | Claim Construction Responsive Briefs under L.R. 4.5(c) |
| Nov. 20 or after | Claim Construction Hearing |
| Feb. 3, 2014 | Trial of each case in seriatim |

      We understand from Judge Irenas' Deputy Clerk that the Court currently has trials scheduled through at least March 2014.  Accordingly, we respectfully request that the schedule above be instituted if the Court's calendar changes; otherwise, we respectfully request that trials be scheduled at the Court's earliest availability.  In addition, if a week or two in Judge Irenas' schedule becomes available in January, February, or March of 2014, we respectfully request that a trial be scheduled during any such availability, even if it means that the trials will not run consecutively (each of the cases involves different patents and different products which is, obviously, why Everett chose to file them as separate actions).

      Given that Everett, in moving for injunctive relief, has argued extensively about the irreparable harm that it may suffer from Acella's activities, Everett should not only join this proposal but should demand it.  Instead, in what is surely a strategy to harm Acella's business, Everett wishes to await the preliminary injunction rulings to address the schedule.  Presumably, if the preliminary injunction is granted, Everett will desire to delay trial as long as possible to force Acella out of the market for an extended period of time without a trial on the merits.  Of course, if the injunction were denied, Everett may then be motivated for an expedited schedule or, alternatively, may wish to delay trial as long as possible such that Acella is accruing potential damages until the issues of the cases are resolved.  Such gamesmanship of the judicial process by Everett should not be tolerated.  Everett initiated these lawsuits and Acella should not be denied an expeditious schedule to defend itself against Everett's allegations.

      This issue of an expedited schedule was raised by Acella's counsel at the conclusion of the preliminary injunction hearing on August 21, 2013.  Judge Irenas stated that he understood Acella's desire for a quick resolution of the case given that, even if the preliminary injunction is



Honorable Karen M. Williams
August 23, 2013
Page 3

denied, Acella would be subject to accruing increased potential damages until resolution of the case. Judge Irenas instructed the parties to confer on this issue and to then raise this issue with Your Honor. Upon such consultation, Everett's counsel simply responded that the request was "premature" and that Everett would "address it after the court rules on the submitted motions for preliminary injunction." Upon further consultation, Everett's counsel said that, "[i]f our motion is denied then we will give full consideration to your proposal." Acella then inquired as to whether Everett would consider the proposal if the motion was granted or if Everett would only consider it if the motion is denied. Everett responded that it had "fully considered it" but has not yet specifically answered Acella's inquiry regarding future consideration if the preliminary injunctions are granted. Finally, Everett has subsequently stated that these matters should proceed in accordance with the Local Patent Rules and that this issue should await the initial scheduling conferences set for later in September and October.

   Everett filed these lawsuits and should be prepared to move forward with them. It is not often that a defendant seeks speedy justice and the plaintiff attempts to delay. If Everett is unwilling to actually pursue these cases, then the cases should be dismissed voluntarily instead of delaying issues that are ready for resolution.

   Acella respectfully requests a telephone conference on these issues at the Court's earliest convenience. Because the Rule 16 conferences are not scheduled to occur in these cases until September 19 and 26 and October 24, awaiting those conferences to address these issues would unduly delay this case from proceeding immediately. Accordingly, entry of an immediate schedule as set forth herein would facilitate the efficient resolution of these cases.

   We thank the Court for its time and consideration in this matter.

            Respectfully yours,

            *Christopher R. Kinkade*

            Christopher R. Kinkade

CRK/slm

  cc:  All Counsel of Record (via ECF)